UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDIA TAAMU,

              Petitioner,

  v.

TY TRENARY,

              Respondent.

Case No. C14-1826 RSM-BAT

**REPORT AND RECOMMENDATION**

      Petitioner Brandia Taamu, proceeding *pro se* and *in forma pauperis,* seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. 6. Because 28 U.S.C. § 2254 petitions apply only to persons in custody pursuant to a judgment of state court, the Court recommends that the petition be dismissed with prejudice for lack of subject matter jurisdiction. The Court also lacks personal jurisdiction because the proper respondent has not been named and based on documents submitted, it appears that Ms. Taamu's claims are unexhausted, procedurally barred, and untimely.

**BACKGROUND**

      On November 28, 2014, Ms. Taamu filed a habeas corpus petition pursuant to 28 U.S.C. § 2241. Dkt. 4. The petition was identical to the petition Ms. Taamu previously filed in C14-1271 RSM, *Taamu v. City of Everett*. In that case, the Court declined to serve the petition

REPORT AND RECOMMENDATION- 1

because Ms. Taamu was not in custody, had failed to name the appropriate respondent, and because it appeared that she had not exhausted state court remedies. The Court granted leave to amend but after Ms. Taamu failed to respond, the case was dismissed without prejudice. *See* Dkts. 7 and 8 in C14-1271. In this case, the Court again declined to serve the petition because Ms. Taamu was not in custody, had failed to name the appropriate respondent, it appeared that she had not exhausted state court remedies, and her petition was untimely. Dkt. 5. Ms. Taamu was granted one more opportunity to file an amended petition that cured, if possible, the deficiencies noted. *Id.*

In her amended petition, Ms. Taamu changed the name of the Respondent to Ty Trenary, the Snohomish County Sheriff. However, Ms. Taamu is not in custody and seeks relief from a January 27, 2013 conviction for which she was sentenced to 30 days confinement. Dkt. 6, pp. 1, 13. She states that she appealed her conviction to the Washington Court of Appeals, was never notified of its decision, and when she appealed to the Washington Supreme Court, her petition was denied because it was untimely. *Id.,* pp. 13-14.

## DISCUSSION

In her original petition, Ms. Taamu named the City of Everett as respondent. The Court advised Ms. Taamu that she must name the state officer having custody of her as the respondent of the petition which is typically the warden or superintendent of the facility in which she is incarcerated or if she is on probation, her parole officer. In her amended petition, Ms. Taamu names the Snohomish County Sheriff but she is not in custody and she failed to provide the Court with information from which it may be determined whether she is, in fact, "in custody" for purposes of this habeas proceeding.

REPORT AND RECOMMENDATION- 2

A petitioner must be "in custody" for the conviction she attacks. 28 U.S.C. §§ 2241(c), 2254(a). "[T]o satisfy the custody requirement, petitioner must demonstrate that [she] is subject to a significant restraint upon [her] liberty 'not shared by the public generally.'" *Dow v. Circuit Court*, 995 F.2d 922, 923 (9th Cir. 1993) (quoting *Jones v. Cunningham*, 471 U.S. 236, 240 (1963)). Custody can be demonstrated, for example, by a showing that a petitioner is on probation, *see*, *e.g.*, *United States v. Spawr Optical Research, Inc*., 864 F.2d 1467, 1470 (9th Cir. 1988), parole, *see*, *e.g.*, *Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963), or supervised release, *see*, *e.g.*, *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002). The in custody requirement is jurisdictional and, therefore, must be considered at the outset by the Court. *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010). *See also Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam).

Ms. Taamu is not incarcerated and gives no indication as to whether or how she is subject to a significant restraint upon her liberty. Therefore, the habeas petition must be dismissed for lack of subject matter jurisdiction. In addition, her failure to name her custodian deprives this court of personal jurisdiction. *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (warden, probation or parole officer).

In addition, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," and, therefore, requires "state prisoners [to] give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's

REPORT AND RECOMMENDATION- 3

established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (exhaustion includes presentation of each claim to the state's highest court); *accord James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1993).

Ms. Taamu indicates generally that she appealed her claims to the Washington Court of Appeals but failed to present her appeal to the Washington Supreme Court in a timely fashion. Because of the state statute of limitations and the state rule prohibiting successive petitions, Ms. Taamu's unexhausted claims are more than likely procedurally barred in state court under RCW 10.73.090, RCW 10.73.140 and RAP 16.4(d). Under Washington law, a defendant may not collaterally challenge a conviction more than one year after the conviction becomes final. RCW 10.73.090(1). According to Ms. Taamu, her conviction became final "around May or June of 2013." Dkt. 6, p. 13. Because more than one year has passed since her conviction became final, the claims are likely now time-barred in state court.

Finally, Ms. Taamu fails to explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar her petition in this case, which was filed on November 28, 2014.

## CERTIFICATE OF APPEALABILITY

If the District Court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue in regard to Ms. Taamu's habeas petition. Habeas Rule 11(a). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322,

REPORT AND RECOMMENDATION- 4

327 (2003). The Court recommends a COA not be issued. No jurist of reason could disagree with the Court's determination that it lacks subject matter jurisdiction over the claims presented. Ms. Taamu should address whether a COA should issue in her written objections, if any, to this Report and Recommendation.

## CONCLUSION

Under Habeas Rule 4, the Court should dismiss a habeas petition if it plainly appears from the petition that the petitioner is not entitled to relief. Ms. Taamu is not in custody and has failed to name the proper respondent. Therefore, the Court cannot grant the relief requested because it lacks subject matter and personal jurisdiction. It also appears that Ms. Taamu failed to properly exhaust her state court remedies, that her claims are now procedurally barred in state court, and that her federal habeas petition is not timely pursuant to 28 U.S.C. § 2244(d). The Court therefore recommends that Ms. Taamu's § 2254 petition be **DISMISSED with prejudice.** The Court also recommends denying issuance of a COA.

A proposed Order accompanies this Report and Recommendation. Any objections to this Recommendation must be filed by **Wednesday, February 4, 2015**. The matter will be ready for Court's consideration on **Friday, February 6, 2015** as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed seven (7) pages. The failure to timely object may affect the right to appeal.

REPORT AND RECOMMENDATION- 5

1   The Clerk shall also provide a copy of this Report and Recommendation to Petitioner and
2   to the Honorable Ricardo S. Martinez.

3   Dated this  14th  day of January, 2015.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION- 6